UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

GOULD PAPER CORPORATION,

                Plaintiff,                Civil Action No.
                                                 07 CV 7059 (DLC)

   - against –

OAK LANE PRINTING, INC.,                **ANSWER**

                Defendant.

----------------------------------X

      Defendant OAK LANE PRINTING, INC., by its undersigned attorneys, answering the complaint against it, alleges as follows:

      1.     Denies knowledge of information sufficient to form a belief as to the truth of the allegations alleged in paragraph 1 of the complaint.

      2.     Admits the truth of the allegations in paragraph 2 of the complaint.

      3.     States that paragraph 3 of the complaint alleges a conclusion of law, and respectfully refers the same to the Court for resolution.

      4.     States that paragraph 4 of the complaint alleges a conclusion of law, and respectfully refers the same to the Court for resolution.

      5.     Admits the truth of the allegations in paragraph 5 of the complaint.

      6.     Denies the truth of the allegations alleged in paragraph 6 of the complaint, except admits that Defendant was a customer of Plaintiff and that from time to time Plaintiff sent Defendant invoices, and respectfully refers the Court to said invoices for a true and complete statement of their terms and conditions.

7. Denies the truth of the allegations alleged in paragraph 7 of the complaint, except admits that from time to time Plaintiff sent Defendant invoices, and respectfully refers the Court to said invoices for a true and complete statement of their terms and conditions.

8. Denies the truth of the allegations in paragraph 8 of the complaint except admits that Plaintiff had made demands for payment in full on all outstanding invoices and that Defendant has made only such payments as are currently due under the parties' agreement.

9. Denies the truth of the allegations in paragraph 9 of the complaint, except admits that approximately $200,000 is still outstanding on the invoices from Plaintiff to Defendant.

10. In response to the allegations in paragraph 10 of the complaint, Defendant repeats and realleges its foregoing answers to the allegations incorporated therein by reference.

11. Denies the truth of the allegations contained in paragraph 11 of the complaint.

12. In response to the allegations in paragraph 12 of the complaint, Defendant repeats and realleges its foregoing answers to the allegations incorporated therein by reference.

13. Denies the truth of the allegations contained in paragraph 13 of the complaint.

14. Denies the truth of the allegations contained in paragraph 14 of the complaint, except admits that Plaintiff has made demands for payment in full on all

outstanding invoices and that Defendant has made only such payments as are currently due under the parties' agreement.

15. Denies the truth of the allegations contained in paragraph 15 of the complaint.

16. In response to the allegations in paragraph 16 of the complaint, Defendant repeats and realleges its foregoing answers to the allegations incorporated therein by reference.

17. Denies the truth of the allegations contained in paragraph 17 of the complaint.

18. Denies the truth of the allegations contained in paragraph 18 of the complaint.

19. Denies the truth of the allegations contained in paragraph 19 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

20. By letter dated April 2, 2007, Defendant notified Plaintiff, along with Defendant's other unsecured creditors, that it was experiencing financial difficulties and as a result was unable to pay Plaintiff's invoices within sixty (60) days of receipt. Defendant proposed that Plaintiff (as well as Defendant's other unsecured creditors) accept a pay-out plan pursuant to which Plaintiff would be paid the entire principal amount of the outstanding invoices (without interest) in 36 equal monthly payments.

21. As of April 2, 2007, the total amount due Plaintiff on its outstanding invoices was $226,465.17. Defendant proposed to pay Plaintiff a monthly payment of $6,290.70 on the fifteenth of each month, beginning May 2007.

22. Defendant subsequently learned that it had omitted one invoice, bringing the total of the open and outstanding Gould invoices to $233,520.67. Accordingly, Defendant adjusted the proposed monthly payment to $6,486.68 so that the entire balance would be paid within 36 months.

23. Plaintiff and Defendant had several meetings to discuss Defendant's April 2, 2007 letter and the proposed pay-out. During those meetings, Defendant explained in greater detail its financial difficulties and made it clear to Plaintiff that the only realistic alternative to the pay-out plan proposed by Defendant was that Defendant would have to close operations and cease business. Defendant pointed out that, if Defendant were forced to close down, there would be no cash flow with which to continue to pay any of Defendant's unsecured creditors.

24. During the negotiations, Plaintiff initially requested that Defendant agree to pay interest on the outstanding principal. Defendant refused to do so, and Plaintiff ultimately agreed that no interest would be due.

25. During those negotiations, Plaintiff and Defendant also discussed the terms on which Defendant would purchase materials from Plaintiff on a going forward basis. The parties agreed that any future orders would be ordered and paid for on a COD basis. There was no discussion, however, about the volume of any future orders that Defendant might place with Plaintiff.

26. In May 2007, Plaintiff and Defendant agreed that Defendant would pay the principal amount (without interest) due Plaintiff over a three-year payout period, in equal monthly installments of $6,486.68. Each such monthly payment would be made on or about the fifteenth of each month, for 36 months.

27. Defendant also placed three additional orders with Plaintiff in May and June 2007, and paid for them, as agreed, on a COD basis.

28. Pursuant to said agreement, Defendant paid Plaintiff the sum of $6,486.68 in May, June, July, August, September and October 2007.

29. Pursuant to said agreement, Plaintiff accepted said monthly payments from Defendant.

30. Defendant has duly performed its obligations to Plaintiff under the parties' agreement.

WHEREFORE, Defendant OAK LANE PRINTING, INC. respectfully prays that the Court enter judgment in its favor and against Plaintiff GOULD PAPER CORPORATION, dismissing the complaint and awarding Defendant such relief, including the costs and disbursements of this action, as the Court deems just and proper.

Dated:   New York, NY
         October 16, 2007

SCHLAM STONE & DOLAN LLP

By: *[signature]*
Richard H. Dolan (RD-2212)

26 Broadway
New York, NY 10004
(212) 344-5400

## AFFIDAVIT OF SERVICE BY FIRST-CLASS MAIL

REBECCA CARAVAGLIO, being duly sworn, deposes and states:

1. I am over 18 years of age, I am not a party to this case, and I reside in Staten Island, New York.

2. On October 16, 2007, I caused a true and complete copy of the ANSWER to be served upon:

>Kara K. Lewis, Esq.
>**LOWENSTEIN SANDLER PC**
>1251 Avenue of the Americas
>New York, NY 10020

by delivering the same in a sealed envelope, first-class postage prepaid, to the United States Postal Service for delivery by mail to the above-stated addressee at the above-stated address.

_____
Rebecca Caravaglio

Sworn to before me this
16th day of October, 2007

_____
Notary Public

**AUDREY A. ROOFEH**
**Notary Public, State of New York**
**No. 02RO6164200**
**Qualified in King County**
**Commission Expires April 16, 20 _10_**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GOULD PAPER CORPORATION,

                              Plaintiff,

- sgainst –

OAK LANE PRINTING, INC.,
                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Civil Action No.
07 CV 7059 (DLC)**

---

## ANSWER

---

**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, New York 10004
212) 344-5400

*Attorneys for Defendant*
Oak Lane Printing, Inc.